IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL |
| | : | NO. 15-0021-1 |
| v. | : | |
| | : | |
| WILLIAM J. O'BRIEN, III | : | |
| *Defendant, pro se* | : | |

# ORDER

**AND NOW**, this 19th day of November 2015, upon consideration of Defendant's *motion to dismiss* (DOC 201) the Grand Jury Indictment and the Superseding Indictments, and the Government's response thereto (DOC 228), it is hereby **ORDERED** that the motion to dismiss is **DENIED**.[1]

---

[1] On October 19, 2015, Defendant, proceeding *pro se*, filed a motion to dismiss the indictment and superseding indictments in which he argues that the Government improperly charged him because no "exculpatory information was presented to the Grand Jury," the Government engaged in "selective and vindictive prosecution" and the knowing "use of perjured testimony." He also argues a "lack of intent and behavior," and "pre-indictment delay." The Government denies all these accusation and arguments.

Federal Rule of Criminal Procedure ("Rule") 12(b)(3)(B) allows a federal district court to review the sufficiency of the government's pleadings (indictment) to ensure that legally deficient charges do not go to a jury. *United States v. Bergrin*, 650 F.3d 257, 268 (3d Cir. 2011). In such a review, a court will consider that Rule 7(c)(1) requires only that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." "An indictment returned by a legally constituted and unbiased grand jury, . . . *if valid on its face*, is enough to call for trial of the charge on the merits." *United States v. Vitillo*, 490 F.3d 314, 320 (3d Cir. 2007) (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956)). An indictment is facially sufficient if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *Id.* at 321 (citation omitted). "[N]o greater specificity than the statutory language is required so long as there is sufficient factual orientation" to permit a defendant to prepare his defense. *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007) (quoting *United States v. Rankin*, 870 F.2d 109, 112 (3d. Cir. 1989)). An indictment will satisfy these requirements where it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred. *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005). In contrast, if an indictment fails to charge an essential element of the crime, it fails to state an offense. *United States v. Wander*, 601 F.2d 1251, 1259 (3d Cir. 1979).

Although the Government is not required to set forth its entire case in the indictment, "if the specific facts" that are alleged "fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation," the indictment fails to state an offense. *United States v. Panarella,* 277 F.3d 678, 685 (3d Cir. 2002). A pretrial *motion to dismiss* an indictment cannot, however, be used to address the sufficiency of the government's evidence. *United States v. DeLaurentis,* 230 F.3d 659, 660 (3d Cir. 2000) (citations omitted). Evidentiary questions, such as credibility determinations and the weight of the proof, are not to be decided by way of a motion to dismiss. *See Bergrin,* 650 F.3d at 265 (internal marks and citation omitted). The government is entitled to present its evidence at trial and have its sufficiency tested by the jury or by a motion for acquittal pursuant to Rule 29. *DeLaurentis,* 230 F.3d at 661. In evaluating a Rule 12 motion to dismiss, a district court must accept as true the factual allegations set forth in the indictment. *United States v. Sampson,* 371 U.S. 75, 78-79 (1962); *United States v. Besmajian,* 910 F.2d 1153, 1154 (3d Cir. 1990). Thus, a district court's review of the facts set forth in the indictment is limited to determining whether, assuming all of those facts as true, a jury could find that the defendant committed the offense for which he was charged. *Panarella,* 277 F.3d at 685; *DeLaurentis,* 230 F.3d at 660.

To survive Defendant's motion to dismiss, the Government is required to, and has, adequately set forth the elements of all the 139 counts in the 86-page Second Superseding Indictment, which includes: two counts of conspiracy to distribute and dispense, outside the usual course of professional practice and for no legitimate medical purpose, a controlled substance (in violation of 18 U.S.C. § 846); 121 counts of distribution of detectable amounts of Schedules II and IV controlled substances (21 U.S.C. § 841(a)(l), (b)(1)(C) and (b)(1)(E)); and one count each of distribution of a controlled substance resulting in death of a person (21 U.S.C. § 841 (a)), aiding and abetting (18 U.S.C. § 2), health care fraud (18 U.S.C. § 1347), conspiracy to engage in money laundering (18 U.S.C § 1956(h)), and conspiracy to commit bankruptcy fraud (18 U.S.C. § 3710); and two counts of false oath in bankruptcy proceedings (18 U.S.C. § 152(2)). These charges were presented to a duly constituted grand jury, which found probable cause to believe Defendant committed the numerous offenses charged. The Indictment and Superseding Indictments sufficiently provide and apprise Defendant with the essential elements of the offenses he faces, the facts supporting the offenses charged, and what he needs to defend.

Defendant, in part, would like this Court to dismiss these indictments because these are grounded on alleged perjured evidence. Under the case law cited and the rules of criminal procedure, this requested action is impermissible. *See United States v. Huet,* 665 F.3d 588 (3d Cir. 2012). Further, Defendant merely alleges, yet has failed to establish, the claims of selective prosecution or prosecutorial vindictiveness. To establish a claim of selective prosecution, Defendant must demonstrate "that persons similarly situated have not been prosecuted" and "that the decision to prosecute was made on the basis of an unjustifiable standard, such as race, religion, or some other arbitrary factor, or that the prosecution was intended to prevent his exercise of a fundamental right." *United States v. Schoolcraft,* 879 F.2d 64, 69 (3d Cir. 1989). Here, Defendant has failed to establish either of these requirements, particularly since additional individuals have also been charged under the same indictments. As to the claim of prosecutorial vindictiveness, Defendant bears the initial burden of proof, and must establish the appearance of vindictiveness. *Id.* at 68. "Prosecutorial vindictiveness may occur when the government penalizes a defendant for invoking legally protected rights." *Id.* at 67. However, there is no prosecutorial vindictiveness where the prosecutor's decision to prosecute is based on the "usual determinative factors."

2

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
NITZA I. QUIÑONES ALEJANDRO, J.

---

*Id.* Here, Defendant has failed to show that the decision to prosecute him was not based on the "usual determinative factors." To the contrary, and as argued by the Government, Defendant was charged with numerous offenses against the government, for which the factual bases were presented before the grand jury, resulting in the indictments. Therefore, for the reasons stated herein, the motion to dismiss the indictments is denied.