IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL |
| | : | NO. 15-0021-1 |
| v. | : | |
| | : | |
| WILLIAM J. O'BRIEN, III | : | |
| *Defendant, pro se* | : | |

# ORDER

**AND NOW**, this 19th day of November 2015, upon consideration of Defendant's *motion to dismiss* for lack of subject matter jurisdiction (DOC 209), and the Government's response thereto (DOC 226), it is hereby **ORDERED** that said motion to dismiss is **DENIED**.[1]

---

[1] On October 26, 2015, Defendant, proceeding *pro se*, filed the underlying motion to dismiss for lack of subject matter jurisdiction, challenging the Government's right or jurisdiction to prosecute him and/or sanction his medical practice. Defendant specifically contends that "(1) the Attorney General has violated the United [sic] Constitution by promulgation of 21 Code of Federal Regulations 1306.04; (2) that the Commonwealth of Pennsylvania through Title 49, Chapter 16.92 has proper jurisdiction of subject matter;" and "(3) therefore Title 21 United States Code, Section 821 is unconstitutional in its entirety; non-severable." Defendant also appears to challenge this Court's jurisdiction and the constitutionality of § 821 of the Controlled Substances Act (the "Act") and 21 C.F.R. § 1306.04. His challenges appear to be premised on an argument that the federal government cannot regulate the medical profession because such function is reserved for the States. Defendant's arguments are misplaced, however, since the instant matter involves Defendant's alleged violation of various federal statutes as reflected in the indictment, and not the regulation and/or suspension of his medical practice.

District courts have original jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231. Here, Defendant is charged with the violation of numerous federal statutes, which include, *inter alia,* conspiracy to distribute and dispense, outside the usual course of professional practice and for no legitimate medical purpose, a controlled substance (in violation of 18 U.S.C. § 846); and with 121 counts of distribution of detectable amounts of Schedules II and IV controlled substances (21 U.S.C. § 841 (a)(l), (b)(l)(C) and (b)(l)(E)). Notably, none of these charged statutes is the subject of Defendant's constitutional challenge. Considering *only* these charges, by way of example, it is well-settled that licensed physicians who are registered under the Act, such as Defendant, can be prosecuted and convicted in federal court for the knowing and unlawful distribution of controlled substances "outside the usual course of professional practice" in violation of the Act. *See United States v. Moore*, 423 U.S. 122 (1975) (affirming conviction of a physician under 21 U.S.C. § 841). Thus, this case is properly before this Court. Consequently, Defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

BY THE COURT:

*[signature]*
_____
NITZA I. QUIÑONES ALEJANDRO, J.

---

Defendant's constitutional challenge of § 821 of the Act is also without merit. Congress' objective when enacting the Act was to combat drug abuse and to control the legitimate and illegitimate traffic of controlled substances. *See Gonzalez v. Oregon,* 546 U.S. 243, 250 (2006). To accomplish these objectives, a comprehensive closed regulatory regime was drafted criminalizing the unauthorized manufacture, distribution, dispensing, and possession of substances classified within any of the Act's five Schedules. *Id.* The Act was promulgated within Congress' commercial power and, specifically, permitted the Attorney General to add, remove, or reschedule substances. *Id.*

While Defendant is correct that physicians are licensed by a State and the medical practice is monitored by a State, Congress, through passage and implementation of the Act, has authorized the Attorney General to promulgate rules and regulations pertaining to the distribution and dispensing of specific controlled substances. *See Gonzalez,* 546 U.S. at 250; *see also* 21 U.S.C. § 821. Thus, through the Act, Congress has properly authorized the federal regulation of medical practice "insofar as it bars doctors from using their prescription-writing powers as a means to engage in illicit drug dealing and trafficking as conventionally understood." *Gonzales,* 546 U.S. at 270.

Defendant's purported challenge to the Attorney General's promulgation of 21 C.F.R. §1306.04 is equally unavailing. This regulation requires that every prescription for a controlled substance "be issued for a legitimate medical purpose by an individual practitioner acting in his usual course of the professional practice." 21 C.F.R. §1306.04(a) (2005). Relying on this regulation, the United States Supreme Court held that a physician can be subject to criminal liability under the Act "when their activities fall outside the usual course of professional practice." *United States v. Moore,* 423 U.S. 122, 124 (1975); *see also United States v. Maynard,* 278 F. App'x 214, 218 (3d Cir. 2008). As such, Defendant's constitutional challenges are without merit.

For the reasons stated herein, Defendant's motion to dismiss for lack of subject matter jurisdiction is denied in its entirety.