# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL |
| | : | NO. 15-0021-1 |
| v. | : | |
| WILLIAM J. O'BRIEN, III | : | |
| *Defendant, pro se* | : | |

## ORDER

**AND NOW**, this 19th day of November 2015, upon consideration of Defendant's *motion to dismiss due to structural defect and denial of counsel* (DOC 223), and the Government's response thereto (DOC 229), it is hereby **ORDERED** that said motion to dismiss is **DENIED**.[1]

---

[1] On November 4, 2015, Defendant, proceeding *pro se*, filed a motion to dismiss all charges due to structural defect and denial of counsel. In the motion, Defendant appears to argue that at some critical yet undefined stage in the proceedings, he was denied counsel or was unrepresented by counsel, and that this denial constitutes a structural defect which warrants the dismissal of the indictment. The Government, in its response, succinctly and accurately outlined Defendant's history of legal counsel involvement. A review of the official record reveals that Defendant was initially represented by private counsel, Carlos Martir, Esquire, who withdrew his representation when Gregory Pagano, Esquire, hired by Defendant, entered his appearance on behalf of Defendant. Thereafter, the Government filed a motion to disqualify Attorney Pagano. On the day of the hearing on the Government's motion to disqualify, and prior to the Court stating the reasons for the hearing, Defendant, unsolicited, offered to save the Court time and 'fired' Attoreny Pagano. Notwithstanding the termination of Attorney Pagano's legal services, this Court heard argument and, subsequently, granted the motion. Defendant insisted on representing himself and this Court advised him to think about his decision and scheduled a hearing three weeks later to rule on Defendant's request to proceed *pro se*. On the day of the scheduled hearing and after an exhaustive colloquy, Defendant was allowed to proceed *pro se*. Stand-by counsel was later appointed. Based on this procedural posture, it seems that Defendant believes the period between the hearing on the Government's motion to disqualify Defendant's counsel and the hearing on Defendant's motion to proceed *pro se*, was a period when he was deprived of counsel and, therefore, a structural defect occurred which warrants the dismissal of the charges against him. He is clearly mistaken.

As the United States Supreme Court held in *Arizona v. Fulminante*, 499 U.S. 279 (1991), a "structural" error, subject to automatic reversal without a showing of prejudice, is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Id.* at 310. Structural errors have been found only in a "very limited class of cases." *Johnson v. United States,* 520 U. S. 461, 468 (1997) (citing *Gideon v. Wainwright,* 372 U. S. 335 (1963) (complete denial of counsel); *Tumey v. Ohio,* 273 U. S. 510 (1927) (biased trial judge); *Vasquez v. Hillery,* 474 U.S. 254

BY THE COURT:

*[signature]*

NITZA I. QUIÑONES ALEJANDRO, J.

(1986) (racial discrimination in selection of grand jury); *McKaskle v.Wiggins,* 465 U.S. 168 (1984) (the denial of self-representation at trial); *Waller* v. *Georgia,* 467 U.S. 39 (1984) (denial of public trial); *Sullivan* v. *Louisiana,* 508 U.S. 275 (1993) (defective reasonable-doubt instruction)); *see also Henderson v. Frank,* 155 F.3d 159, 170 (3d Cir. 1998) (deprivation of right to counsel at suppression hearing); *United States v. Salemo,* 61 F.3d 214, 221-22 (3d Cir. 1995) (deprivation of counsel during sentencing hearing)). While the alleged denial of counsel claimed by Defendant might constitute such a structural defect if true, no such denial of counsel exists or has occurred in this matter.

    The record supports a finding that at the October 8, 2015 hearing, Defendant discharged his *then* private counsel of choice and insisted on proceeding *pro se*. Notwithstanding, the Government's motion to disqualify counsel was argued and granted; a ruling with which Defendant concurred. Thereafter, this Court promptly scheduled a subsequent hearing on Defendant's request to proceed *pro se* to ensure that Defendant's decision to represent himself was one not made hastily and uninformed. Except for the scheduling of said hearing on Defendant's request to proceed *pro se* and the filing of pleadings by the Government *and* Defendant, no other court action occurred during this brief period. Defendant has not, nor can he, establish that during this period his substantial rights were in any way affected or that he was deprived of any basic protection. To the contrary, during this brief period, Defendant operated under the belief that he was representing himself by filing several *pro se* motions (none of which alleged a deprivation of counsel) even though the Court had not formally ruled on his oral motion to proceed *pro se*. As such, Defendant was never deprived of his right to counsel. Defendant elected to discharge his counsel of choice and proceed on his own. Under the circumstances, Defendant's motion to dismiss is factually unsupported, lacks any legal merit, and is denied.