IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | NO. 15-0021-1 |
| WILLIAM J. O'BRIEN, III<br>*Defendant, pro se* | : | |

# ORDER

**AND NOW**, this 1st day of April 2016, upon consideration of Defendant's *motion to dismiss due to conflict of counsel/ineffective assistance of counsel*, (Doc. 308), Defendant's motion to supplement motion for ineffective assistance of counsel, (Doc. 331), the Government's response in opposition, (Doc. 358), Defendant's amendment to *motion to dismiss due to conflict of counsel/ineffective assistance of counsel*, (Doc. 374), and Defendant's *renewed motion under intervening change of law violation of Sixth Amendment*, (Doc. 376), it is hereby **ORDERED** that said motion to dismiss is **DENIED**.[1]

---

[1] In the underlying motions to dismiss which are all premised on Defendant's argument that the criminal proceedings against him should be dismissed because he was denied effective assistance of counsel (1) by his initial counsel, Carlos Martir, Esquire, due to the existence of a purported conflict of interest; and (2) by Gregory Pagano, Esquire, who the Government moved to remove also because of a purported conflict of interest. However, claims of ineffective assistance are not properly raised at the trial level, but rather must wait until collateral appeal. Consistently, the Third Circuit Court of Appeals has held that the proper avenue for pursuing claims of ineffective assistance of counsel is through a collateral proceeding in which the factual basis for the claim may be developed. *See United States v. Theodoropoulos*, 866 F.2d 587, 598 (3d Cir. 1989). As such, Defendant's argument is premature.

Notwithstanding, Defendant's motions also fail to establish a claim of ineffective assistance of counsel. Under *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant must show that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) that the defendant was prejudiced. To demonstrate prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* Upon consideration of the current record, Defendant has not met, nor can he meet, this standard.

Instantly, Defendant contends that Attorney Martir was ineffective during his representation of Defendant at the initial arraignment and detention hearing. A review of the record reveals that Defendant retained Attorney Martir to represent him in this criminal proceeding after he was arrested on January 29, 2015. On February 3, 2015, after hearing argument from Attorney Martir and the Government,

BY THE COURT:

/s/ Nitza I. Quiñones Alejandro
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

Magistrate Judge Jacob Hart ordered Defendant detained pending trial. Two days later, on February 5, 2015, Attorney Martir filed a motion to revoke Judge Hart's detention Order, (Doc. 17), which the Government opposed. (Doc. 23). On February 26, 2015, following an evidentiary hearing on the matter, this Court denied Defendant's motion. (Doc. 32). Defendant contends that Attorney Martir "did nothing at that hearing to defend me. . . ." As evidenced by the transcript of that hearing, however, Defendant's contention is misplaced. Attorney Martir presented a witness and offered argument in support of Defendant's bail motion. Moreover, after retaining new counsel to replace Attorney Martir, and then electing to represent himself, Defendant has challenged the sufficiency of his pretrial detention on at least two other occasions, again, to no avail. As such, Defendant has not shown, and cannot show, that the outcome of the initial detention hearing would have been different but for Attorney Martir's alleged ineffectiveness.

Defendant also argues that Attorney Martir was ineffective for not opposing the Government's motion in *limine* to admit audio and videotape recordings, which was filed on March 30, 2015. Again, Defendant is mistaken. On April 15, 2015, Attorney Martir filed a motion to extend the time in which to respond to the Government's motion. (Doc. 50). This motion was granted on April 15, 2015, giving Defendant an additional 30 days in which to respond. On May 29, 2015, Attorney Martir filed a motion to withdraw as counsel as Defendant had retained the services of Attorney Pagano, who had entered his appearance two days earlier. Defendant's claim of Attorney Martir's ineffectiveness fails to meet the *Strickland* requirements since Defendant had discontinued the services of Attorney Martir, hired and discharged new counsel and, subsequently, filed his own challenges to the admissibility of the recordings. (Docs. 279, 282). These challenges were considered and rejected by this Court's Order dated February 17, 2016. (Doc. 320).

As to Defendant's claim against Attorney Pagano, Defendant contends that he was unaware counsel was representing a co-Defendant in a state court criminal action and had represented other co-Defendants in other actions. Attorney Pagano was retained by Defendant and entered his appearance on May 27, 2015. On July 27, 2015, the Government filed a motion for a hearing regarding attorney conflict of interest. (Doc. 141). On August 11, 2015, a defense motion was filed requesting an additional 30 days to respond to the Government's motion. (Doc. 163). The request was granted, and oral argument was scheduled for October 8, 2015. (Doc. 181). As the hearing commenced, Defendant blurted out that oral argument and the hearing were not necessary since he was firing Attorney Pagano and wished to proceed on his own.

Under the circumstances narrated, Defendant's motion to dismiss for ineffectiveness of counsel is factually unsupported and lacks any legal merit. Defendant cannot show that counsel's representation fell below an objective standard of reasonableness and that he was prejudiced. Therefore, the motion to dismiss based upon an argument of ineffectiveness of counsel is denied.