IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | **NO. 15-0021-1** |
| | : | |
| **WILLIAM J. O'BRIEN, III,** | : | |
| *Defendant pro se* | : | |

# ORDER

**AND NOW**, this 22nd day of April 2016, upon consideration of Defendant's *pro se* motion with multiple-subpart requests, (Doc. 411), it is hereby **ORDERED** that:

1. The *motion for dismissal due to violation of the Sixth Amendment right to self-representation* is **DENIED**. Similar arguments in support of this motion have been made by Defendant, and were thoroughly considered by this Court and rejected on multiple occasions. (*See* Docs. 240, 259, 382). Having presented no argument that could meet the narrow grounds for reconsideration[1] of these previous rulings, Defendant's motion is denied.[2]

---

[1] Although there is no federal rule or statute which allows for a motion to reconsider in a criminal case, such motions are often adjudicated similarly to those filed in civil matters. *See, e.g., United States v. Townsend*, 762 F.3d 641, 644-45 (7th Cir. 2014). The scope of a motion for reconsideration is, however, "extremely limited," *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011), and cannot be used as an opportunity to re-litigate the case. *See Kerlinsky v. Main Line Hospitals, Inc.*, 2012 WL 4050764, at *1 (E.D. Pa. Sept. 14, 2012) (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)). A motion to reconsider should *only* be granted when there is: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion" at issue; "or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Here, none of these requirements are present to warrant reconsideration.

[2] In his motion, Defendant appears to argue that his Sixth Amendment right to represent himself was violated by the Order of April 1, 2016, (Doc. 384), which denied Defendant's motion for judicial recusal based, *in part,* on Defendant's failure to meet the procedural requirements of the applicable statute by not including the requisite "attorney certification" with his motion. *See* 28 U.S.C. §144. As reasoned in the footnote of said Order, such omission or failure is adequate grounds for the denial of the motion to recuse. The motion to recuse was also denied on the merits, grounds which Defendant does not challenge in his underlying motion. As such, this motion for dismissal lacks merit.

2. The *motion for reconsideration of motion to recuse yourself* is **DENIED**. Similar arguments in support of this motion have been made by Defendant, (*see* Doc. 355), and were thoroughly considered and rejected by Order dated April 1, 2016. (*See* Doc. 384). Having presented no argument that could meet the narrow grounds for reconsideration,[3] Defendant's motion is denied.

3. The *motion to remove shadow counsel* is **DENIED**. When this Court granted Defendant's motion to self-represent, it also appointed stand-by counsel to assist Defendant in the event he determines a need for legal assistance, or it becomes apparent that Defendant is incapable of representing himself. *See Faretta v. California*, 422 U.S. 806, 834 n. 46 (1975) ("Of course, a State may – even over objection by the accused – appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary."). Though Defendant expresses discontent and suspicion with stand-by counsel, he also expresses his desire to represent himself without any assistance from his stand-by counsel. Regardless, Defendant offers no credible argument for the stand-by counsel's removal.

4. The *motion to dismiss protective order on discovery* [Order of March 17, 2015, (Doc. 35)] is **DENIED**. In his motion, Defendant argues that the protective order limits his review of discovery to weekdays. Defendant is mistaken. The protective order does not, in any way, inhibit Defendant from reviewing any discovery in preparation for trial. Defendant has not articulated any reason to rescind said Order.

5. The *motion for a laptop* is **GRANTED**. Consequently, the Bureau of Prisons is to provide Defendant with a laptop, if one readily exists and is available, for Defendant's use to prepare for trial.

BY THE COURT:

NITZA I. QUIÑONES ALEJANDRO
Judge, United States District Court

---

[3] *See supra* note 1.

Copies: Counsel
Defendant
Speedy Trial