**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 15-021** |
| **WILLIAM J. O'BRIEN III** | : | |

<u>**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**</u>

The United States of America, by its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and M. Beth Leahy and David E. Troyer, Assistant United States Attorneys for the district, respectfully submit the following proposed jury instructions[1]  pursuant to Federal Rule of Criminal Procedure 30 and requests leave to file any supplemental instructions as may appear necessary and proper.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


 /s Mary E. Crawley
MARY E. CRAWLEY
Assistant United States Attorney
Chief, Healthcare Fraud Section



 /s M. Beth Leahy
M. BETH LEAHY
DAVID E. TROYER
Assistant United States Attorneys

Date: April 29, 2016

---

[1]     The government has noted deletions from model instructions by ~~strikeout~~ and additions by <u>underlining</u>.

# TABLE OF CONTENTS

**Instructions**                                                    **Page Number**

GOVERNMENT'S REQUEST NO. 1
Jury Recollection Controls……………………………………………………... 3

GOVERNMENT'S REQUEST NO. 2
Penalty Not To Be Considered……………………………………………… 4

GOVERNMENT'S REQUEST NO. 3
Presumption of Innocence; Burden of Proof; Reasonable Doubt……………………… 5

GOVERNMENT'S REQUEST NO. 4
Evidence……………………………………………………………………... 7

GOVERNMENT'S REQUEST NO. 5
Direct and Circumstantial Evidence…………………………………………… .. 10

GOVERNMENT'S REQUEST NO. 6
Not All Evidence, Not All Witnesses Needed………………………………… 12

GOVERNMENT'S REQUEST NO. 7
Credibility of Witnesses……………………………………………………….. 13

GOVERNMENT'S REQUEST NO. 8
Credibility of Witnesses – Law Enforcement Officer………………………… 15

GOVERNMENT'S REQUEST NO. 9
Credibility of Witnesses – Cooperating Witnesses……………………………….. 16

GOVERNMENT'S REQUEST NO. 10
Opinion Evidence (Expert Witnesses)………………………………………… 17

GOVERNMENT'S REQUEST NO. 11
Impeachment of Witness – Prior Conviction (F.R.E. 609)…………………………… 18

GOVERNMENT'S REQUEST NO. 12
Stipulated Testimony Stipulation of Fact; Judicial Notice (F.R.E. 201)……………… 19

GOVERNMENT'S REQUEST NO. 13
Audio/Video Recordings – Consensual…………………………………………… 20

GOVERNMENT'S REQUEST NO. 14
Audio/Video Recordings – Transcripts…………………………………………… 21

GOVERNMENT'S REQUEST NO. 15
    Summaries – Underlying Evidence Admitted………………………………………….. 22

GOVERNMENT'S REQUEST NO. 16
    Summaries – Underlying Evidence Not Admitted (F.R.E. 1006)…………………… 23

GOVERNMENT'S REQUEST NO. 17
    Defendant's Choice Not to Testify or Present Evidence……………………….…... 24

GOVERNMENT'S REQUEST NO. 18
    Defendant's Testimony……………………………………………………………… 25

GOVERNMENT'S REQUEST NO. 19
    Consciousness of Guilty (False Exculpatory Statements)……………………………26

GOVERNMENT'S REQUEST NO. 20
    Defendant's Character Evidence…………………………………………………….. 27

GOVERNMENT'S REQUEST NO. 21
    Motive Explained……………………………………………………………………. 28

GOVERNMENT'S REQUEST NO. 22
    Separate Consideration – Single Defendant Charged with Multiple Offenses……… 29

GOVERNMENT'S REQUEST NO. 23
    Verdict as to defendant only………………………………………………………… 30

GOVERNMENT'S REQUEST NO. 24
    Summary Nature of the Indictment…………………………………………………... 31

GOVERNMENT'S REQUEST NO. 25
    "On or About"………………………………………………………………………... 33

GOVERNMENT'S REQUEST NO. 26
    Venue………………………………………………………………………………... 34

GOVERNMENT'S REQUEST NO.27
    Indictment in the conjunctive, statute and required proof in the disjunctive……….. 35

GOVERNMENT'S REQUEST NO. 28
    Counts One and Two – Conspiracy to Distribute a Controlled Substance –
    Elements of the Offense…………………………………………………………….. 37

GOVERNMENT'S REQUEST NO. 29
    Existence of an Agreement………………………………………………………… 39

GOVERNMENT'S REQUEST NO. 30

Conspiracy – Membership in the Agreement…………………………………………… 41

GOVERNMENT'S REQUEST NO. 31
Conspiracy to Distribute a Controlled Substance – Overt Acts
Need Not be Proved……………………………………………………………… 43

GOVERNMENT'S REQUEST NO. 32
Conspiracy – Mental States……………………………………………………… 44

GOVERNMENT'S REQUEST NO. 33
Conspiracy – Charged Period and Duration…………………………………………45

GOVERNMENT'S REQUEST NO. 34
Circumstantial Evidence of Conspiracy…………………………………………..46

GOVERNMENT'S REQUEST NO. 35
Acts and Statements of Co-Conspirators…………………………………………… 47

GOVERNMENT'S REQUEST NO. 36
Distribution of a Controlled Substance Outside the Usual Course of Professional
Practice and Not for a Legitimate Medical Purpose – Essential Elements………… 48

GOVERNMENT'S REQUEST NO. 37
Distribution of a Controlled Substance Outside the Usual Course of Professional
Practice and Not for a Legitimate Medical Purpose – Definitions of Practitioner,
Dispense, and Distribute…………………………………………………………49

GOVERNMENT'S REQUEST NO. 38
Distribution of a Controlled Substance Outside the Usual Course of Professional
Practice and Not for a Legitimate Medical Purpose – No Legitimate
Medical Purpose……………………………………………………………… 51

GOVERNMENT'S REQUEST NO. 39
Distribution of a Controlled Substance Outside the Usual Course of Professional
Practice and Not for a Legitimate Medical Purpose……………………………….. 52

GOVERNMENT'S REQUEST NO. 40
Distribution of a Controlled Substance Outside the Usual Course of Professional
Practice and Not for a Legitimate Medical Purpose – Method of Proving
Knowledge……………………………………………………………………… 53

GOVERNMENT'S REQUEST NO. 41
Willful Blindness [Deliberate Ignorance]………………………………………….. 58

GOVERNMENT'S REQUEST NO. 42
Distribution of a Controlled Substance Outside the Usual Course of Professional
Practice and Not for a Legitimate Medical Purpose – Controlled

Substance Defined……………………………………………………………… 57

GOVERNMENT'S REQUEST NO. 43
    Distribution of a Controlled Substance Outside the Usual Course of Professional
    Practice and Not for a Legitimate Medical Purpose – Actual or Exact Amount
    of Controlled Substance Need Not be Proven…………………………………….. 58

GOVERNMENT'S REQUEST NO. 44
    Distribution of a Controlled Substance Resulting in Death –
    Elements of the Offense………………………………………………………… 59

GOVERNMENT'S REQUEST NO. 45
    Distribution of a Controlled Substance Outside the Usual Course of Professional
    Practice and Not for a Legitimate Medical Purpose – "Good Faith"
    Defense for Physicians…………………………………………………………… 61

GOVERNMENT'S REQUEST NO. 46
    Money Laundering…..…………………………………………………………… 63

GOVERNMENT'S REQUEST NO. 47
    Money Laundering – Knowingly Defined……………………………….…... 64

GOVERNMENT'S REQUEST NO. 48
    Money Laundering – Conducting a Financial Transaction Defined……………. . 65

GOVERNMENT'S REQUEST NO. 49
    Money Laundering – Interstate Commerce Defined…………………………... 66

GOVERNMENT'S REQUEST NO. 50
    Money Laundering – Proceeds of a Specified Unlawful Activity Defined……… 67

GOVERNMENT'S REQUEST NO. 51
    Money Laundering – Knowledge that Property Represents Proceeds of Some
    Form of Unlawful Activity Defined……………………………………….. 68

GOVERNMENT'S REQUEST NO. 52
    Money Laundering – Intent to Conceal Defined……………………………….. 69

GOVERNMENT'S REQUEST NO. 53
    Bankruptcy – Conspiracy to Engage in the Fraudulent Concealment of Assets –
    Elements of the Offense………………………………………………………… 70

GOVERNMENT'S REQUEST NO. 54
    False Statement Under Oath in a Bankruptcy Proceeding……………………… 73

GOVERNMENT'S REQUEST NO. 55

Accomplice Liability; Aiding and Abetting…………………………………… 74

GOVERNMENT'S REQUEST NO. 56
Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment;
Duty to Deliberate; Communication with Court……………………………….. 76

GOVERNMENT'S REQUEST NO. 57
Verdict Form……………………………………………………………………… 79

**Role of Jury**

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or

1

electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.01 (2015) (unmodified).

## GOV'T'S REQUEST NO. 1

**Jury Recollection Controls**

        If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

        You are the sole judges of the evidence received in this case.

---

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 12.07 (6th ed. 2010) (unmodified); <u>United States v. Thames</u>, 846 F.2d 200, 204 (3d Cir.), <u>cert</u>. <u>denied</u>, 488 U.S. 928 (1988).

## GOV'T'S REQUEST NO. 2

**Penalty Not To Be Considered**

    The punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offense charged.

---

1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 20.01 (6th ed. 2010) (the instruction set out is paragraph 6 of a longer instruction intended to be given as the jury retires); United States v. Austin, 533 F.2d 879, 884-85 (3d Cir. 1976), cert. denied, 429 U.S. 1043 (1977).

4

## GOV'T'S REQUEST NO. 3

**Presumption of Innocence; Burden of Proof; Reasonable Doubt**

The defendant, William O'Brien, pleaded not guilty to the offenses charged. Every defendant is presumed to be innocent.   He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with a defendant unless and until the government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offense charged beyond a reasonable doubt. The presumption of innocence requires that you find a defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that a defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that a defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offense charged, the government must convince you that that defendant is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offense charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in

matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

---

3rd Circuit Model Criminal Jury Instructions, No. 3.06 (2015) (unmodified).

## GOV'T'S REQUEST NO. 4

**Evidence**

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

*((4) Any facts that have been judicially noticed--that is, facts which I say you may accept as true even without other evidence.)*

The following are not evidence:

(1) The indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your

decision in this case. Also, do not assume from anything I may have done or said during the trial

that I have any opinion about any of the issues in this case or about what your verdict should be.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.02 (2015) (unmodified).

## GOV'T'S REQUEST NO. 5

### Direct and Circumstantial Evidence

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

10

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.03 (2015) (unmodified).

## GOV'T'S REQUEST NO. 6

**Not All Evidence, Not All Witnesses Needed**

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.05 (2015) (unmodified).

## GOV'T'S REQUEST NO. 7

**Credibility of Witnesses**

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe *[alternative: how believable the witness' testimony was when considered with other evidence that you believe]*; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.04 (2015) (unmodified).

14

## GOV'T'S REQUEST NO. 8

**Credibility of Witnesses – Law Enforcement Officer**

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.18 (2015) (unmodified).

## GOV'T'S REQUEST NO. 9

**Credibility of Witnesses - Cooperating Witnesses**

You have heard evidence that *[names]* have made plea agreements with the government and that *[names]* have received promises from the government that their testimony will not be used against them in a criminal case.

Their testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who has reached a plea bargain with, or been granted immunity by, the government in exchange for his testimony, but you should consider the testimony of these witnesses with great care and caution. In evaluating their testimony, you should consider this factor along with the others I have called to your attention. Whether or not their testimony may have been influenced by the plea agreement or grant of immunity is for you to determine. You may give their testimony such weight as you think it deserves.

You must not consider *[names]* guilty pleas as any evidence of William O'Brien's guilt. Their decisions to plead guilty were personal decisions about their own guilt. Such evidence is offered only to allow you to assess the credibility of the witnesses; to eliminate any concern that the defendant has been singled out for prosecution; and to explain how the witnesses came to possess detailed first-hand knowledge of the events about which they testified. You may consider their guilty pleas only for these purposes.

---

3rd Circuit Model Criminal Jury Instructions, No. 4.19 (2015) (modified as noted).

16

## GOV'T'S REQUEST NO. 10

### Opinion Evidence (Expert Witnesses)

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from various experts, including experts in the field of pain management, in the field of toxicology, the field of forensic toxicology, as well as a medical examiner from Philadelphia County. Because of their knowledge, skill, experience, training, or education in these fields, each was permitted to offer an opinion in that field and the reasons for that opinion.

The opinions these witnesses state should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness's qualifications, the reasons for the witness's opinions, and the reliability of the information supporting the witness's opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinion entirely if you decide that a witness's opinion is not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinion if you conclude that the reasons given in support of the opinion are not sound, or if you conclude that the opinion is not supported by the facts shown by the evidence, or if you think that the opinion is outweighed by other evidence.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.08 (2015) (unmodified).

17

## **GOV'T'S REQUEST NO. 11**

**Impeachment of Witness - Prior Conviction (F.R.E. 609)**

       You heard evidence that *(name)*, a witness, was previously convicted of a crime *(punishable by more than one year in jail)(involving dishonesty or false statement)*.   You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe *(name)* and how much weight to give to *(name)*'s testimony.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.25 (2015) (unmodified).

18

## **GOV'T'S REQUEST NO. 12**

**Stipulated Testimony; Stipulation of Fact; Judicial Notice (F.R.E. 201)**

The parties have agreed what (*name of witness*)'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court by the witness.

The Government and the defendant(*s*) have agreed that *(set forth stipulated fact(s)) (is)(are)* true. You should therefore treat *(this fact)(these facts)* as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

I have taken judicial notice of certain facts. *(State the fact(s) that are being judicially noticed.)* I believe *(this fact is) (these facts are) (of such common knowledge) (can be so accurately and readily determined from (name accurate source))* that it cannot reasonably be disputed. You may accept this fact as proven, but are not required to do so. As with any fact the final decision whether or not to accept it is for you to make and you are not required to agree with me.

_____

3rd Circuit Model Criminal Jury Instructions, Nos. 4.01-4.03 (2015) (unmodified).

19

## GOV'T'S REQUEST NO. 13

**Audio/Video Recordings – Consensual**

    During the trial you heard audio recordings of conversations with the defendant made without his knowledge.   These recordings were made with the consent and agreement of (name), one of the other parties to the conversations.

    You also heard recordings of phone calls made by alleged coconspirators while they were in prison.   The caller was advised that the call was being recorded and thereby the recording of the conversation was made with the consent and agreement of the caller.

    The use of this procedure to gather evidence is lawful and the recordings may be used by either party.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.04 (2015) (modified as noted).

**GOV'T'S REQUEST NO. 14**

**Audio/Video Recordings – Transcripts**

You have heard audio and videotaped recordings that were received in evidence, transcripts of the conversations were shown to you while the recording was played and you were given written transcripts of the recordings.

Keep in mind that the transcription of the recording is s are not evidence.   The transcribed words were shown with the recording were given only as a guide to help you follow what was being said.   The recordings themselves are the evidence.   If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read.   And if you could not hear or understand certain parts of the recordings you must ignore the transcripts as far as those parts are concerned.

The transcripts name the speakers.   But remember, you must decide who you actually heard speaking in the recording.   The names on the transcript were used simply for your convenience.

------------------------------------------------

3rd Circuit Model Criminal Jury Instructions, No. 4.06 (2015) (modified as noted).

## GOV'T'S REQUEST NO. 15

**Summaries - Underlying Evidence Admitted**

The government presented certain charts and summaries in order to help explain the number of prescriptions written for certain patients by William O'Brien, and financial transactions made by the defendant and others which were admitted as evidence in the case.   The charts and summaries are not themselves evidence or proof of any facts.   If the charts and summaries do not correctly reflect the evidence in the case, you should disregard them and determine the facts from the underlying evidence.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.10 (2015) (modified as noted).

22

## **GOV'T'S REQUEST NO. 16**

## **Summaries – Underlying Evidence Not Admitted (F.R.E. 1006)**

Certain summaries offered by the government were admitted as evidence.   You may use those summaries as evidence, even though the underlying documents and records have not been admitted into evidence.

*[However, the (accuracy)(authenticity) of those (charts)(summaries) has been challenged.   You must decide how much weight, if any, you will give to them.   In making that decision, you should consider the testimony you heard about the way in which the (charts)(summaries) were prepared.].*

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.11 (2015) (unmodified).

23

## **GOV'T'S REQUEST NO. 17**

**Defendant's Choice not to Testify or Present Evidence**

      Defendant William O'Brien *(did not present evidence)* in this case. A defendant has an absolute constitutional right not to testify *(or to present any evidence).* The burden of proof remains with the prosecution throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent. You must not attach any significance to the fact that a defendant did not testify. You must not draw any adverse inference against a defendant because he did not take the witness stand. Do not consider, for any reason at all, the fact that the defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.27 (2015) (unmodified).

## GOV'T'S REQUEST NO. 18

**Defendant's Testimony**

In a criminal case, a defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, defendant William J. O'Brien III testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.28 (2015) (unmodified).

## GOV'T'S REQUEST NO. 19

### Consciousness of Guilt (False Exculpatory Statements)

You have heard testimony that William O'Brien made certain statements outside the courtroom to law enforcement authorities in which he claimed that his conduct was consistent with innocence and not with guilt. The government claims that these statements are false.

If you find that the defendant made a false statement in order to direct the attention of the law enforcement officers away from himself, you may, but are not required to conclude that the defendant believed that he was guilty.   It is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.   You may not, however, conclude on the basis of this alone, that William O'Brien is, in fact, guilty of the crimes for which he is charged.

You must decide whether or not the evidence as to William O'Brien shows that he believed that he was guilty, and the significance, if any, to be attached to this evidence.   In your evaluation, you may consider that there may be reasons - fully consistent with innocence - that could cause a person to give a false statement that he did not commit a crime.   Fear of law enforcement, reluctance to become involved, or simple mistake may cause an innocent person to give such a statement or explanation.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.31 (2015) (unmodified).

26

## **GOV'T'S REQUEST NO. 20**

**Defendant's Character Evidence**

You have heard *(reputation)(opinion)(reputation and opinion)* evidence about whether the defendant has a character trait for *(name trait, such as truthfulness, peacefulness, honesty, being a law-abiding citizen, etc.)*.

You should consider this character evidence together with and in the same way as all the other evidence in the case in deciding whether the government has proved the charge*(s)* beyond a reasonable doubt.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.39 (2015) (unmodified).

27

## **GOV'T'S REQUEST NO. 21**

**Motive Explained**

Motive is not an element of the offenses with which the defendant is charged. Proof of bad motive is not required to convict. Further, proof of bad motive alone does not establish that a defendant is guilty and proof of good motive alone does not establish that a defendant is not guilty. Evidence of a defendant's motive may, however, help you find a defendant's intent.

Intent and motive are different concepts. Motive is what prompts a person to act. Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct. However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

_____

3rd Circuit Model Criminal Jury Instructions, No. 5.04 (2015) (unmodified).

## GOV'T'S REQUEST NO. 22

### Separate Consideration - Single Defendant Charged with Multiple Offenses

The defendant, William O'Brien, is charged with several offenses; each offense is charged in a separate count of the indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense. For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged. Each offense should be considered separately.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.12 (2015) (unmodified).

## **GOV'T'S REQUEST NO. 23**

**Verdict as to defendant only**

You are here to determine whether the government has proven the guilt of the defendant for the charges in the indictment beyond a reasonable doubt. You are not called upon to return a verdict as to the guilt or innocence of any other person or persons.

So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of a defendant for the crimes charged in the indictment, you should so find, even though you may believe that one or more other unindicted persons are also guilty. But if any reasonable doubt remains in your minds after impartial consideration of all the evidence in the case, it is your duty to find that defendant not guilty.

---

1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, §12.11 (6th ed. 2010) (unmodified).

## GOV'T'S REQUEST NO. 24

**Summary ~~Nature~~ of the Indictment**

~~As you know, the defendant (name) is charged in the indictment with violating federal law, specifically (state the offense(s) charged).~~ As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An indictment is simply a description of the charges against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that the defendant has been indicted in making your decision in this case.

Count 1 of the indictment charges William O'Brien with conspiring to distribute and dispense oxycodone, and alprazolam outside the usual course of professional practice and not for a legitimate medical purpose.

Count 2 charges William O/Brien with a separate conspiracy to distribute and dispense oxycodone, methadone, and alprazolam outside the usual course of professional practice and not for a legitimate medical purpose.

Counts 3 to 123 each charge William O'Brien with distributing and dispensing, and aiding and abetting, the distribution and dispensing of a controlled substance oxycodone, methadone, amphetamine, and alprazolam outside the usual course of professional practice and not for a legitimate medical purpose.

Count 124 charges William O'Brien with distributing and dispensing, and aiding and abetting the distribution of oxycodone and methadone outside the usual course of professional practice and not for a legitimate medical purpose, that resulted in the death of Joseph Ennis.

Count 136 charges William O'Brien with conspiring to engage in money laundering.

Count 137 charges William O'Brien with conspiring to commit bankruptcy fraud.

31

Count 139 charges William O'Brien with making a false statement under oath in bankruptcy proceedings.

---

3rd Circuit Model Criminal Jury Instructions, No. 3.07 (2015) (modified as noted).

## **GOV'T'S REQUEST NO. 25**

### **"On or About"**

You will note that the indictment charges that the offenses were committed "on or about" certain dates. The Government does not have to prove with certainty the exact dates of the alleged offenses. It is sufficient if the Government proves beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.08 (2015) (unmodified).

## **GOV'T'S REQUEST NO. 26**

**Venue**

The indictment alleges that some act in furtherance of the offense charged occurred here in the Eastern District of Pennsylvania. There is no requirement that all aspects of the offense charged, or the entire conspiracy take place here in the Eastern District of Pennsylvania. But for you to return a guilty verdict, the government must convince you that either the agreement, or one of the overt acts, took place here in the Eastern District of Pennsylvania.

Unlike all the elements that I have described, this fact only has to be proved by a preponderance of the evidence. This means the government only has to convince you that it is more likely than not that some part of the conspiracy took place here.

Remember that the government must prove all the elements I have described beyond a reasonable doubt.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.09 (2015) (unmodified).

## GOV'T'S REQUEST NO. 27

**Indictment in the conjunctive, statute and required proof in the disjunctive**

Before I discuss elements of the offenses charged in the indictment, I want to instruct you in the meaning of the word "and" when it is used in statutes or indictments.

It is not uncommon that a given criminal statute will prohibit not merely one form of action but several related forms if action in what lawyers call "the disjunctive," that is, separated by the word "or." For example, the federal drug statute, 21 U.S.C. § 841(a)(1), makes it illegal to knowingly or intentionally manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance. This statute prohibits six different actions: (1) manufacturing, (2) distributing, (3) dispensing, (4) possessing with intent to manufacture, (5) possessing with intent to distribute, and (6) possessing with intent to dispense. All six of these crimes are separated by the word "or" in the statute. Yet, when you look at the indictment, it is permissible for the government to charge all six and separate them with the word "and." This, however, does not mean that if the government does so, it must prove that the defendant violated the drug statute in all six ways. If only one of those alternatives is proved beyond a reasonable doubt, that is sufficient for conviction. As the United States Supreme Court has said: "The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged." Thus, for example, if the evidence proves that the defendant distributed a controlled substance, it is irrelevant whether or not he also dispensed it.

_____

Turner v. United States, 396 U.S. 398, 420-21 (1970); United States v. Niederberger, 580 F.2d 63, 67-68 (3d Cir. 1978).

35

**GOV'T'S REQUEST NO. 28**

**Counts One and Two –Conspiracy to Distribute a Controlled Substance – Elements of the Offense**

Count One of the indictment charges that from in or around July 2012 through in or about January 2015, in the Eastern District of Pennsylvania, William O'Brien agreed or conspired with one or more persons to distribute or dispense a controlled substance, oxycodone and alprazolam, outside the usual course of professional practice and not for a legitimate medical purpose.

Count Two of the indictment charges that from in or around March 2012 through in or about January 2015, in the Eastern District of Pennsylvania, William O'Brien agreed or conspired, together and with one or more persons to distribute or dispense a controlled substance, oxycodone, methadone, and alprazolam, outside the usual course of professional practice and not for a legitimate medical purpose.

It is a Federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective. A conspiracy is a kind of criminal partnership.

In order for you to find a defendant guilty of conspiracy to distribute a controlled substance outside the usual course of professional practice and not for a legitimate medical purpose, you must find that the government proved beyond a reasonable doubt each of the following three elements as to the defendant:

First: That two or more persons agreed to distribute a controlled substance outside the usual course of professional practice and not for a legitimate medical purpose. I will explain the elements to that offense to you shortly;

Second: That the defendant was a party to or member of the agreement;

36

and

Three: That the defendant joined the agreement or conspiracy knowing of its objective to distribute a controlled substance outside the usual course of professional practice and not for a legitimate medical purpose and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective.   I will explain these elements in more detail:

_____

3rd Circuit, Pattern Criminal Jury Instructions, 6.21.846(B)(2012). (modified as noted).

**GOV'T'S REQUEST NO. 29**

**Existence of an Agreement**

    The first element of the crime of conspiracy is the existence of an agreement.   The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, <u>to commit the offense of distributing or dispensing a controlled substance outside the usual course of professional practice and not for a legitimate medical purpose.</u>

    The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding. The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objective(s), or agreed to all the details, or agreed to what the means were by which the objective(s) would be accomplished.   The government is not even required to prove that all the people named in the indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known.   What the government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

    You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed.   You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged

members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

[*The indictment charges a conspiracy to commit several federal crimes. The government does not have to prove that the alleged conspirators agreed to commit all of these crimes. The government, however, must prove that they agreed to commit at least one of the object crimes, and you must unanimously agree on which crime. You cannot find the defendant guilty of conspiracy unless you unanimously agree that the same federal crime(s) was (were) the objective(s) of the conspiracy. It is not enough if some of you agree that one of the charged crimes was the objective of the conspiracy and others agree that a different crime was the objective of the conspiracy.]*

---

 3rd Circuit Model Criminal Jury Instructions, No. 6.18.371C (Dec. 2012). (modified as noted).

## GOV'T'S REQUEST NO. 30

### Conspiracy – Membership in the Agreement

    If you find that a criminal agreement or conspiracy existed, then in order to find a defendant guilty of conspiracy you must also find that the government proved beyond a reasonable doubt that the defendant knowingly and willfully joined that agreement or conspiracy during its existence.   The government must prove that the defendants knew the goal or objective of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goal or objective and to work together with other alleged conspirators toward the goal or objective.

    The government need not prove that the defendant knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning.   The government also does not have to prove that a defendant played a major or substantial role in the conspiracy.

    You may consider both direct evidence and circumstantial evidence in deciding whether a defendant joined the conspiracy, knew of its criminal objective, and intended to further the objective.   Evidence which shows that a defendant only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, it is not sufficient to prove that a defendant was a member of the conspiracy even if the defendant approved of what was happening or did not object to it.   Likewise, evidence showing that the defendant may have done something that happened to help a conspiracy or would derive some benefit from the achievement of the conspiracy's objectives is not sufficient to prove that he joined the conspiracy.   You may, however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a

reasonable doubt that a defendant joined the conspiracy.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.371D (Dec. 2012). (unmodified).

**GOV'T'S REQUEST NO. 31**

**Conspiracy to Distribute a Controlled Substance – Overt Acts Need Not be Proved**

Counts One and Two of the indictment allege that in furtherance of the conspiracy charged in those counts, various overt acts were committed.

To prove the crime of conspiracy under Title 21, United States Code. Section 846, the government is not required to prove that any overt acts were performed. Under the law, the agreement to commit the offense is alone sufficient to prove a charge of conspiracy against a defendant, if you find that the defendant intentionally became a member of the conspiracy. Proof of the commission of overt acts is merely evidence from which you may infer the existence of the conspiracy.

_____

United States v. Shabani, 513 U.S. 10, 15 (1994); United States v. Dreyer, 533 F.2d 112, 227 n.6 (3d Cir. 1976).

## GOV'T'S REQUEST NO. 32

**Conspiracy – Mental States**

In order to find a defendant guilty of conspiracy you must find that the government proved beyond a reasonable doubt that the defendant joined the conspiracy knowing of its objective and intending to help further or achieve that objective.   That is, the government must prove: (1) that the defendant knew of the objective or goal of the conspiracy, (2) that the defendant joined the conspiracy intending to help further or achieve that goal or objective, and (3) that the defendant and at least one other alleged conspirator shared a unity of purpose toward that objective or goal.

You may consider both direct evidence and circumstantial evidence, including the defendant's words or conduct and other facts and circumstances, in deciding whether the defendant had the required knowledge and intent.   For example, evidence that a defendant derived some benefit from the conspiracy or had some stake in the achievement of the conspiracy's objective might tend to show that the defendant had the required intent or purpose that the conspiracy's objective be achieved.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.371E (2012) (unmodified).

43

## GOV'T'S REQUEST NO. 33

### Conspiracy - Charged Period and Duration

Although <u>Counts One and Two</u> of the indictment <u>each </u>charge that the conspiracy existed on or about <u>particular periods of time,</u> it is not essential that the government prove that the conspiracy started or ended on or about the specific dates <u>charnged in that count.</u>   It is sufficient if you find that in fact the charged conspiracy was formed and existed for some time within the period set forth in the indictment.

A conspiracy ends when the objectives of the conspiracy have been achieved or when all members of the conspiracy have withdrawn from it.   However, a conspiracy may be a continuing conspiracy and if it is, it lasts until there is some affirmative showing that it has ended or that all its members have withdrawn. A conspiracy may be a continuing one if the agreement includes an understanding that the conspiracy will continue over time.   Also, a conspiracy may have a continuing purpose or objective and, therefore, may be a continuing conspiracy.

_____

Paragraph One:   See 1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 13.05 (5th ed. 2000).

 Paragraph Two: 3rd Circuit Model Criminal Jury Instructions, No. 6.18.371I (2012) (unmodified).

44

## GOV'T'S REQUEST NO. 34

### Circumstantial Evidence of Conspiracy

As the crime of conspiracy is by its nature a secretive operation, it is not usually proved by direct evidence.   Rather, a conspiracy and a defendant's involvement in a conspiracy may be proved entirely by indirect or circumstantial evidence.

The existence of a conspiracy may be inferred from evidence of related facts and circumstances from which it appears, as a reasonable and logical inference, that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived scheme or common understanding.

Therefore, a defendant's acts can create an inference concerning what he has agreed to do, and, therefore, an agreement to join a criminal conspiracy may be inferred from the performance of acts that further its purpose.

While circumstantial evidence must rise above mere speculation, it is not necessary that circumstantial evidence exclude every possible hypothesis of innocence to support a conviction of conspiracy.   The inferences drawn from circumstantial evidence must have a logical and convincing connection to the facts established.

_____

United States v. Applewaite, 195 F.3d 679, 684 (3d Cir. 1999); United States v. Kapp, 781 F.2d 1008, 1010 (3d Cir. 1986); United States v. Barrow, 363 F.2d 62, 64 (3d Cir. 1966), cert. denied, 385 U.S. 1001 (1967); United States v. Mills, 704 F.2d 1553, 1566 (11th Cir. 1983), cert. denied, 467 U.S. 1243 (1984).

## GOV'T'S REQUEST NO. 35

### Acts and Statements of Co-Conspirators

Evidence has been admitted in this case that certain persons, who are alleged to be co-conspirators of William O'Brien, did or said certain things.   The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against any defendant any acts done or statements made by any members of the conspiracy, during the existence of and to further the objectives of the conspiracy.   You may consider these acts and statements even if they were done and made in the defendant's absence and without his knowledge.   As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

Acts done or statements made by an alleged co-conspirator before a defendant joined the alleged conspiracy may also be considered by you as evidence against that defendant.   [However, acts done or statements made before the alleged conspiracy began or after it ended may only be considered by you as evidence against the person who performed that act or made that statement.]

_____

3rd Circuit Model Criminal Jury Instructions, No.6.18.371K (2012) (unmodified).

46

## GOV'T'S REQUEST NO. 36

### Distribution of a Controlled Substance Outside the Usual Course of Professional Practice and Not for a Legitimate Medical Purpose - Essential Elements

William O'Brien is charged with distributing or dispensing controlled substances outside the usual course of professional practice and not for a legitimate medical purpose, which is a violation of federal law.   Most of the counts charge distributing and dispensing oxycodone. However, some counts charge distribution and dispensing of oxycodone, methadone, amphetamines, and alprazolam.

In order to find a defendant guilty of distributing a controlled substance outside the usual course of professional practice and not for a legitimate medical purpose, you must find that the government proved each of the following ~~three~~ four elements beyond a reasonable doubt as to that defendant:

*First,* that the defendant distributed or dispensed a mixture or substance containing a controlled substance;

*Second,* that the defendant distributed or dispensed the controlled substance outside the usual course of professional practice and not for a legitimate medical purpose;

*Third,* that the defendant distributed or dispensed the controlled substances knowingly or intentionally; and

*Fourth,* that the controlled substance was the substance identified in the indictment.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.21.841B (2015) (modified as noted).

47

## GOV'T'S REQUEST NO. 37

**Distribution of a Controlled Substance Outside the Usual Course of Professional Practice and Not for a Legitimate Medical Purpose - Definitions of Practitioner, Dispense, and Distribute**

The first thing you must determine is whether the defendant distributed or dispensed drugs.

Title 18 United States Code, Section 802 defines the terms "practitioner", "dispense", and "distribute".

"The term 'practitioner' means a physician . . . licensed, registered, or otherwise permitted, by the United States or the jurisdiction in which he practices . . . to distribute, dispense, . . . administer . . . a controlled substance in the course of professional practice . . . ."[2]

"The term 'dispense' means to deliver a controlled substance to an ultimate user . . . by, or pursuant to the lawful order of, a practitioner, including the prescribing and administering of a controlled substance . . . ."[3]

"The term 'distribute' means to deliver (other than by administering or dispensing) a controlled substance . . . ."[4]

Distribute, as used in the offense charged, means deliver or transfer possession or control of a controlled substance from one person to another. Distribute includes the sale of a controlled substance by one person to another, but does not require a sale. Distribute also includes a delivery or transfer without any financial compensation, such as a gift or trade. [5]

---

[2]     18 U.S.C. § 802(21).

[3]     18 U.S.C. § 802(10).

[4]     18 U.S.C. § 802(11).

[5]     This paragraph is 3rd Circuit Model Criminal Jury Instructions, No. 6.21.841-2 (2015) (unmodified).

48

The government may prove this element by showing beyond a reasonable doubt that the defendant wrote a prescription for the drugs.[6]

The government need not prove that the prescription was filled to prove that the practitioner distributed or dispensed a drug. A prescription is the written representation of the drug and enables its possessor to claim physical custody and control over the drug prescribed. When a practitioner writes a patient a prescription for a drug, he is constructively transferring the drug to the patient. Thus, by placing a prescription for a controlled substance in the hands of an ultimate user, a physician completes the act of dispensing even if no ultimate user ever received possession of the drugs.[7]

---

[6]   3 L. Sand, et al Modern Federal Jury Instructions - Criminal, No. 56-16 (2015) (modified as noted).

[7]   United States v. Tighe, 551 F.2d 18 (3d Cir. 1977); United States v. Flowers, 818 F.2d 464, 467 (6th Cir. 1987); United States v. Azmat, 805 F.3d 1018, 1034 (11th Cir. 2015)

## GOV'T'S REQUEST NO. 38

## Distribution of a Controlled Substance Outside the Usual Course of Professional Practice and Not for a Legitimate Medical Purpose - No Legitimate Medical Purpose

The ~~second~~ ~~final~~ element the government must prove beyond a reasonable doubt is that William O'Brien prescribed or dispensed the drug other than for a legitimate medical purpose and not in the usual course of medical practice.

In making a medical judgment concerning the right treatment for an individual patient, physicians have discretion to choose among a wide range of available options. Therefore, in determining whether the defendant acted without a legitimate medical purpose, you should examine all of the defendant's actions and the circumstances surrounding them.

For example, evidence that a doctor warns his patients to fill their prescriptions at different drug stores, or prescribes drugs without performing any physical examinations or only very superficial ones, or asks patients about the amount or type of drugs they want, may suggest that the doctor is not acting for a legitimate medical purpose and is outside the usual course of medical practice. These examples are neither conclusive nor exhaustive. They are simply meant to give you an idea of the kind of behavior from which you might conclude that a doctor was not prescribing drugs for a legitimate medical purpose and was not acting in the usual course of medical practice.

_____

3 L. Sand, et al Modern Federal Jury Instructions - Criminal, No. 56-18 (2015) (modified as noted).

## <u>GOV'T'S REQUEST NO. 39</u>

### <u>Distribution of a Controlled Substance Outside the Usual Course of Professional Practice and Not for a Legitimate Medical Purpose – "</u>

To act knowingly, as used in the offenses charged, means that a defendant was conscious and aware that he was engaged in the act charged and knew of the surrounding facts and circumstances that make out the offense. Knowingly does not require that a defendant knew that the acts charged and surrounding facts amounted to a crime.

To act intentionally, as used in the offense charged, means to act deliberately and not by accident. Intentionally does not require that a defendant intended to violate the law.

The phrase "knowingly or intentionally," as used in the offenses charged, requires the government to prove beyond a reasonable doubt that a defendant knew that what he distributed was a controlled substance <u>and that the distribution was outside the usual course of professional practice and not for a legitimate medical purpose</u>. In addition, the government must also prove beyond a reasonable doubt that the controlled substance was in fact oxycodone and/or methadone. However, as long as you find that the government proved beyond a reasonable doubt that a defendant knew that what he distributed was a controlled substance, you need not find that that defendant knew that the controlled substance was oxycodone and/or methadone.

In deciding whether a defendant acted "knowingly or intentionally," you may consider evidence about what he said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in his mind at that time.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.21.841-4 (2015) (modified as noted).

## <u>GOV'T'S REQUEST NO. 40</u>

**<u>Distribution of a Controlled Substance Outside the Usual Course of Professional Practice and Not for a Legitimate Medical Purpose - Method of Proving Knowledge</u>**

Your decision whether a defendant knew the materials he distributed <u>or dispensed</u> were <u>controlled substances and that the distribution was outside the usual course of professional practice and not for a legitimate medical purpose</u> involves a decision about that defendant's state of mind. It is obviously impossible to prove directly the operation of a defendant's mind. But a wise and intelligent consideration of all the facts and circumstances shown by the evidence and the exhibits in the case may enable you to infer what a defendant's state of mind was.

In our everyday affairs, we are continuously called upon to decide from the actions of others what their state of mind is. Experience has taught us that, frequently, actions speak louder and more clearly than spoken or written words. Therefore, you may well rely in part on circumstantial evidence in determining the defendant's state of mind.

For example, if the defendant was the sole occupant of a residence or a vehicle, it is reasonable to conclude that the defendant knew about items in the residence or vehicle. The defendant's behavior may also indicate knowledge. Nervousness in the presence of the drugs or flight from the site at which authorities have identified drugs may indicate that the defendant knew that the materials in question were ~~narcotics~~ <u>controlled substances</u>. Also, the possession of a large quantity of drugs may indicate that the defendant knew what he had in his possession. These examples are neither exhaustive nor conclusive. It is up to you, based on all the evidence, including the testimony of others, to determine whether the defendant knew that the materials he possessed were ~~narcotics~~ <u>controlled substances</u>.

_____

2 L. Sand, et al., <u>Modern Federal Jury Instructions</u>, Instruction 56-7 (2011) (modified as noted); <u>United States v. Iafelice</u>, 978 F.2d 92, 97-98 (3d Cir. 1992).

## GOV'T'S REQUEST NO. 41

### Willful Blindness [Deliberate Ignorance]

To find defendant William O'Brien guilty of distributing or dispensing oxycodone and/or methadone outside the usual course of professional practice and not for a legitimate medical purpose, you must find that the government proved beyond a reasonable doubt that O'Brien knew that he was distributing these controlled substances outside the usual course of professional practice and not for a legitimate medical purpose. ~~In this case, there is a question whether *(name)* knew *(state the fact or circumstance, knowledge of which is required for the offense).*~~ When, as in this case, knowledge of a particular fact or circumstance is an essential part of the offense charged, the government may prove that O'Brien knew of that fact or circumstance if the evidence proves beyond a reasonable doubt that O'Brien deliberately closed his eyes to what would otherwise have been obvious to him.

No one can avoid responsibility for a crime by deliberately ignoring what is obvious. Thus, you may find that O'Brien knew he was distributing or dispensing oxycodone and/or methadone outside the usual course of professional practice and not for a legitimate medical purpose based on evidence which proves that: (1) O'Brien himself subjectively believed that there was a high probability that this fact existed, and (2) O'Brien consciously used deliberate efforts to avoid knowing about the existence of this fact.

<u>If you find that O'Brien actually believed that he was distributing or dispensing these controlled substances in the usual course of professional practice, for legitimate medical purposes, then you cannot find O'Brien guilty based on willful blindness.</u> Also, you cannot find that O'Brien knew he was distributing or dispensing controlled substances outside the usual course of professional practice, and not for a legitimate medical purpose, if you find only that O'Brien consciously disregarded a risk that this fact existed, or that O'Brien should have known that this fact existed, or that a reasonable person would have known of a high probability that he was

53

distributing or dispensing a controlled substance outside the usual course of professional practice and not for a legitimate medical purpose.   It is not enough that William O'Brien may have been reckless or stupid or foolish, or may have acted out of inadvertence or accident.   You must find that William O'Brien himself subjectively believed there was a high probability of the existence of the fact that he was distributing or dispensing a controlled substance outside the usual course of professional practice and not for a legitimate medical purpose, ~~used~~ deliberately ~~efforts to~~ avoided knowing about it, and did not actually believe that it did not exist.

---

3rd Circuit Model Criminal Jury Instructions, No. 5.06 (2015) (modified as noted).

## GOV'T'S REQUEST NO. 42

**Distribution of a Controlled Substance Outside the Usual Course of Professional Practice and Not for a Legitimate Medical Purpose – Controlled Substance – Defined**

You are instructed that, as a matter of law, oxycodone, methadone, amphetamines, and alprazolam are controlled substance, that is, some kinds of prohibited drugs.

It is solely for you, however, to decide whether the government has proved beyond a reasonable doubt that the William O'Brien distributed a mixture or substance containing oxycodone, and/or methadone, and/or amphetamines, and/or alprazolam outside the usual course of professional practice and not for a legitimate medical purpose.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.21.841-3 (2015) (modified as noted).

55

## GOV'T'S REQUEST NO. 43

**Distribution of a Controlled Substance Outside the Usual Course of Professional Practice and Not for a Legitimate Medical Purpose - Actual or Exact Amount of Controlled Substance Need Not be Proven**

The evidence received in this case need not prove the actual amount of the controlled substance that was part of the alleged transaction or the exact amount of the controlled substance alleged in the indictment as distributed by defendant William O'Brien.

The government must prove beyond a reasonable doubt, however, that a measurable amount of the controlled substance was, in fact, knowingly and intentionally distributed by defendant O'Brien.

—————————————————————————

2B O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 64.14 (6th ed. 2010) (modified as noted).

## GOV'T'S REQUEST NO. 44

## Distribution of a Controlled Substance Resulting in Death - Elements of the Offense

Count 124 of the indictment charges William O'Brien with distributing and dispensing, and aiding and abetting the distribution and dispensing of, a mixture or substance containing controlled substances, specifically oxycodone and methadone, outside the usual course of professional practice and not for a legitimate medical purpose, ~~which is a violation of federal law~~ and the use of the oxycodone and methadone distributed or dispensed by the defendant resulted in the death of Joseph Ennis.

To find the defendant guilty of distributing or dispensing oxycodone and methadone outside the usual course of professional practice and not for a legitimate medical purpose that results in death, you must find that the government has proven beyond a reasonable doubt each of the elements of distribution or dispensing of a controlled substance outside the usual course of professional practice and not for a legitimate medical purpose which I have just explained to you. In addition to those elements, you must also find that the government has proven beyond a reasonable doubt that the oxycodone and methadone distributed by the defendant resulted in the death of another, specifically Joseph Ennis.

In order to establish that the oxycodone and methadone distributed or dispensed by the defendant resulted in the death of Joseph Ennis, the government must prove that Joseph Ennis died as a consequence of his use of the oxycodone and methadone that the defendant distributed or dispensed on or about the date alleged in the indictment. The law provides that whenever death is a consequence of the victim's use of a controlled substance that has been distributed or dispensed by the defendant, a more serious offense is committed, regardless of whether the defendant knew or should have known that death would result. There is no requirement that the death resulting from

57

the use of the controlled substance was a reasonably forseeable event, or that the controlled

substance was the proximate cause of the death. A finding by you that, but for the victim's

ingesting the charged controlled substance distributed or dispensed, or aided and abetted in the

distribution or dispensing of, by the defendant, the victim would not have died, satisfies this

standard. The fact that Joseph Ennis may have used other drugs in addition to oxycodone and

methadone is not relevant, if you determine that he would not have died without ingesting

oxycodone and methadone.

_____

Adapted from 3rd Circuit Model Criminal Jury Instructions, No. 6.21.841B (2012); 3 L. Sand, et al Modern Federal Jury Instructions - Criminal, Instruction No. 56-12.1 (2012); United States v. Robinson, 167 F.3d 824 (3d Cir. 1999); United States v. McIntosh, 236 F.3d 968, 973 (8th Cir. 2001); United States v. Patterson, 38 F.3rd 139,145 (4th Cir. 1995); United States v. Rebmann, 226 F.3rd 521, 525 (6th Cir. 2000); United States v. Carbajal, 290 F.3rd 277, 284 (5th Cir. 2002); United States v. Soler, 275 F.3d 146, 152 - 153 (1st Cir. 2002); United States v. Houston, 406 F.3d 1121, 1124 - 1125 (9th Cir. 2005).

## GOV'T'S REQUEST NO. 45

## **Distribution of a Controlled Substance Outside the Usual Course of Professional Practice and Not for a Legitimate Medical Purpose - "Good Faith" Defense for Physicians**

Defendant William O'Brien is a physician. ~~and in Count of the indictment is charged with illegal [distribution] [dispensing] [possession with intent to distribute] [possession] of a controlled substance~~.

A physician may not be convicted when he dispenses controlled substances in good faith to patients in the regular course of professional practice. Only the lawful acts of a physician, however, are exempted from prosecution under the law.

In order to sustain its burden of proof under Counts xxxxx, the government must prove beyond a reasonable doubt that the defendant knowingly and deliberately distributed or dispensed a controlled substance and did so other than in good faith in the usual course of a professional practice and in accordance with a standard of medical practice generally recognized and accepted in the United States. The defendant may not be convicted if he merely made an honest effort to treat his patients in compliance with an accepted standard of medical practice.

A controlled substance is distributed or dispensed by a physician in the usual course of his professional practice and, therefore, lawfully, if the substance is distributed or dispensed by him in good faith in medically treating a patient. Good faith in this context means good intentions and the honest exercise of good professional judgment as to a patient's medical needs. Good faith connotes an observance of conduct in accordance with what the physician should reasonably believe to be proper medical practice.

In determining whether or not William O'Brien acted in good faith in the course of a medical practice, you may consider all of the evidence in the case which relates to that conduct.

Unless you find beyond a reasonable doubt that William O'Brien's conduct, ~~the conduct~~ as charged in Counts 3 through 124 of the indictment, was not in good faith, and was not in the usual course of a professional medical practice, then you must acquit William O'Brien of those charges.

---

2B O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 64.16 (6th ed. 2010) (modified as noted).

## GOV'T'S REQUEST NO. 46

**Money Laundering**

Count 136 charges defendant William O'Brien with conspiracy to engage in money laundering.   I have already explained to you the elements of conspiracy when I explained conspiracy to distribute controlled substances.   The elements of conspiracy are the same for money laundering.   In order for you to find the defendant guilty of conspiracy to engage in money laundering, you must find that the government proved beyond a reasonable doubt each of the following four elements as to the defendant:

First:        That on or about the dates alleged in the indictment, the defendant conspired or agreed with another person to conduct financial transactions, affecting interstate commerce;

Second:    That the defendant conducted the financial transactions with the proceeds of a specified unlawful activity, that is, drug trafficking;

Third:        That the defendant knew that the transactions involved the proceeds of some form of unlawful activity; and

Fourth:    That the defendant conducted the financial transactions with knowledge that the transaction was designed in whole or in part to conceal or disguise the nature, and source, ownership, and control of the proceeds of the specified unlawful activity, that is drug trafficking.

---

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1956A (2012) (modified as noted).

## **GOV'T'S REQUEST NO. 47**

**Money Laundering –Knowingly Defined**

The offense of money laundering charged in the indictment requires that the government prove that the defendant acted "knowingly' or "with knowledge" with respect to certain elements of the offenses.   This means that the government must prove beyond a reasonable doubt that the defendant was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offense charged.

In deciding whether a defendant acted "knowingly" or "with knowledge", you may consider evidence about what he said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in his mind at the time.

The government is not required to prove that the defendant knew his acts were against the law.

_____

3rd Circuit Model Criminal Jury Instructions, No. 5.02 (2012) (unmodified).

## GOV'T'S REQUEST NO. 48

**Money Laundering –Conducting a Financial Transaction Defined**

The first element that the government must prove beyond a reasonable doubt is that the defendant conducted a financial transaction.

The term "conducts" includes "initiating, concluding, or participating in initiating or concluding a transaction.

The term "transaction" means, a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property.   With respect to a financial institution, the term "transaction" means the deposit, withdrawal, transfer between accounts, or any other payment, transfer, or delivery by, through or to a financial institution by whatever means effected.

"The term financial transaction" means any "transaction," as I just explained that term, which in any way or degree affects interstate commerce and involves the movement of funds by wire or other means, or which involves the use of a financial institution which is engaged in, or the activities of which affect, interstate commerce in any way or degree.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1956-1 (2012) (unmodified).

## GOV'T'S REQUEST NO. 49

**Money Laundering – Interstate Commerce Defined**

The term "interstate commerce," as used in these instructions, means commerce between any combination of states, territories, or possessions of the United States, including the District of Columbia.

The government is not required to prove that William O'Brien or a coconspirator's transactions with a financial institution, that is, with Wells Fargo Bank, TD Bank, and National Penn Bank, themselves affected interstate commerce. The government is required to prove only that the financial institutions or banks through which the financial transactions were conducted were engaged in or had other activities which affected interstate commerce in any way or degree.

Further, the government is not required to prove that the defendant knew of or intended the effect on interstate commerce, merely that such an effect occurred.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1956-2 (2012) (modified as noted).

64

**GOV'T'S REQUEST NO. 50**

## Money Laundering - Proceeds of a Specified Unlawful Activity Defined

The term "proceeds," as used in these instructions, means any property, or any interest in property, that someone acquires or retains as a result of criminal activity.   Proceeds may be derived from an already completed offense or from a completed phase of an ongoing offense.

The government is not required to prove that all of the funds involved in the charged transactions were the proceeds of the specified unlawful activity.   A financial transaction involves "proceeds" of a specified unlawful activity even when proceeds of a specified unlawful activity are commingled in an account with funds obtained from legitimate sources.   It is sufficient if the government proves beyond a reasonable doubt that at least part of the funds involved in a transaction represents such proceeds of specified unlawful activity.

I instruct you, as a matter of law, that the term "specified unlawful activity" includes a violation of Title 21, United States Code, Section 846, conspiracy to distribute or dispense a controlled substance outside the usual course of professional practice and not for a legitimate medical purpose, and of Title 21, United States Code, Section 841, distributing or dispensing a controlled substance outside the usual course of professional practice and not for a legitimate medical purpose, as charged in this case.   I have explained ~~(will explain)~~ the elements of these offenses to you.~~(specify alleged unlawful activity)~~.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1956-3 (2014) (modified as noted).

**GOV'T'S REQUEST NO. 51**

**Money Laundering – Knowledge that property Represents Proceeds of Some Form of Unlawful Activity Defined**

      The third element that the government must prove beyond a reasonable doubt is that in conducting a financial transaction, the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.   To satisfy this element, the government must prove that the defendant knew the property involved in the transaction represented proceeds from some form of unlawful activity that is a felony offense under state, federal, or foreign law.   The government is not required to prove that the defendant knew what the unlawful activity was.

      In this case, the government claims that William O'Brien knew that the proceeds were derived from unlawful activity which constitutes drug trafficking which is a felony under federal law.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1956-4 (2014) (unmodified).

## GOV'T'S REQUEST NO. 52

**Money Laundering – Intent to Conceal Defined**

The final element that the government must prove beyond a reasonable doubt is that the defendant, in conducting the financial transactions, intended to conceal or disguise the nature, the source, the ownership, or the control of the proceeds of the specified unlawful activity, that is drug trafficking.

Whether the defendant knew that the purpose of the financial transaction was to conceal or disguise the nature, location, source, ownership or control of the proceeds of drug trafficking may be established by proof of his actual knowledge; by circumstantial evidence; or by the defendant's willful blindness.   In other words, you are entitled to find from the circumstances surrounding the financial transactions or attempted financial transactions the purpose of that activity and the defendant's knowledge.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1956-5 (2014) (unmodified).

67

**GOV'T'S REQUEST NO. 53**

**Bankruptcy – <u>Conspiracy to Engage in the</u> Fraudulent Concealment of Assets - Elements of the Offense**

Count 137 of the indictment charges that from at least in or about January 2011 through in or about January 2015, in the Eastern District of Pennsylvania, William O'Brien agreed or conspired with one or more persons to commit an offense against the United States , namely bankruptcy fraud, to further the objective of the conspiracy, at least one member of the conspiracy committed at least one overt act, as alleged in the indictment, as I will describe to you.   I have already explained to you the elements of conspiracy which also apply to Count 136, except that, unlike conspiracy to distribute controlled substances and conspiracy to engage in money laundering, Count 136 also requires proof of an overt act which simply means that the defendant performed an act in furtherance of the offense.   In this instance, the act alleged by the government was that William O'Brien concealed monies that belonged to the bankruptcy estate.

In order to find William O'Brien guilty of this offense, you must find that the government proved each of the following five ~~four~~ elements beyond a reasonable doubt:

First:   That the defendant and one or more persons agreed to commit an offense against the United States, as charged in the indictment, that is, bankruptcy fraud;

Second: That a bankruptcy case was pending on or about July 2012 through January 2015 in which William O'Brien was the Debtor;

Third: ~~Second:~~ That monies in the indictment allegedly diverted by William O'Brien were ~~(describe the property alleged in the indictment) was~~ a part of the bankruptcy estate of the Debtor;

Fourth: ~~Third~~: That William O'Brien ~~(name)~~ concealed monies alleged in the indictment ~~(describe the property alleged in the indictment)~~ from the Bankruptcy Court and/or the Trustee charged with the custody and control of that property; and

Fifth: That William O'Brien acted knowingly and with the intent to defraud.

The term "debtor" means the (person) (business) for whom a bankruptcy case has been commenced.   When a debtor files a petition seeking protection from creditors under the bankruptcy laws, a "bankruptcy estate" is created.   The bankruptcy estate is comprised of all property belonging to the debtor as of the time the bankruptcy case is filed, regardless of where that property is located or who holds the property.   The "bankruptcy estate" also includes proceeds, products, rents, or profits of or from the property of the estate, but it does not include earnings from services performed by an individual after the case is filed.

Property may be concealed in a number of different ways.   "Concealment" can mean hiding property or assets.   It also includes preventing the discovery of assets, transferring property, or withholding information that is required to be made known.   Concealment of property of the bankruptcy estate may include transferring property to a third party or entity, destroying the property, withholding knowledge concerning the existence or whereabouts of the property, or knowingly doing anything else by which the defendant acts to hinder, unreasonably delay or defraud any creditors.   The government need not prove that the concealment was successful.

An act is done knowingly if it is done voluntarily and intentionally, and not because of mistake, accident or other innocent reason. An act is done with intent to defraud if it is done with the intent to deceive any creditor, trustee or bankruptcy judge.

69

---

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1956-5 (2014) (modified as noted).

## GOV'T'S REQUEST NO. 54

### False Statement Under Oath in a Bankruptcy Proceeding

In Count 139, William O'Brien is charged with false sworn testimony in connection with bankruptcy proceedings.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following five elements beyond a reasonable doubt:

First:          The existence of a bankruptcy proceeding;

Second:      That the defendant made a statement under oath;

Third:         That the statement under oath related to some material matter;

Fourth:.      That the statement was false; and

Fifth:          That the defendant made the statement under oath knowingly and with the intent to deceive.

_____

Metheany v. United States, 390 F. 2d 559,561 (9th Cir.), cert denied, 393 U.S. 824 (1968).

71

## GOV'T'S REQUEST NO. 55

**Accomplice Liability: Aiding and Abetting**

A person may be guilty of offenses because he personally committed the offenses himself or because he aided and abetted another person in committing the offense.   A person who has aided and abetted another person in committing an offense is often called an accomplice.   The person whom the accomplice aids and abets is known as the principal.

In this case, the government alleges that William O'Brien aided and abetted the so-called patient identified as "person" in Counts 3 through 124 in distributing or dispensing a controlled substance identified in each count, as charged in the indictment.   In order to find William O'Brien guilty of distributing or dispensing the controlled substance because he aided and abetted the person in committing this offense, you must find that the government proved beyond a reasonable doubt each of following four (4) requirements:

First:   That William O'Brien committed the offenses charged by committing each of the elements of the offenses charged, as I have explained those elements to you in these instructions.   The person identified in the indictment need not have been charged with or found guilty of the offense, however, as long as you find that the government proved beyond a reasonable doubt that he or she committed the offense.

Second:   That William O'Brien knew that the offenses charged were going to be committed or were being committed by the patient, and

Third:   That William O'Brien knowingly did some act, for the purpose of facilitating the person identified in the indictment in committing the specific offense charged and with the intent that the person committed that specific offense, and

Fourth:   That William O'Brien performed an act in furtherance of the offense charged.

In deciding whether William O'Brien had the required knowledge and intent to satisfy the third requirement for aiding and abetting, you may consider both direct and circumstantial evidence including William O'Brien's words and actions and the other facts and circumstances.   However, evidence that William O'Brien merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find William O'Brien guilty as an aider and abetter.   If the evidence shows that William O'Brien knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was William O'Brien's intent and purpose to facilitate or otherwise associate himself with the offense, you may not find William O'Brien guilty of the offenses as an aider and abettor.   The government must prove beyond a reasonable doubt that William O'Brien in some way participated in the offense committed by the person identified in the indictment as something William O'Brien wished to bring about and to make succeed.

To show that William O'Brien performed an act in furtherance of the offense charged, to satisfy the fourth requirement, the government needs to show some affirmative participation by William O'Brien which at least encouraged the person identified in the indictment to commit the offense.   That is, you must find that William O'Brien's acts did, in some way, facilitate the person identified in the indictment to commit the offense.   William O'Brien's acts need not further facilitate every part or phase or element of the offense charged; it is enough if William O'Brien's acts facilitated only one or some part or phase or elements of the offense.   ~~Also, William O'Brien's acts need not themselves be against the law.~~

_____

3rd Circuit Model Criminal Jury Instructions, No. 7.02 (2010) (modified as noted).

## GOV'T'S REQUEST NO. 56

## Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to Deliberate; Communication with Court

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged. Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First: The first thing that you should do in the jury room is choose someone to be your foreperson. This person will speak for the jury here in court. He or she will also preside over your discussions. However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second: I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous. To find a defendant guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt. To find a defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third: If you decide that the government has proved a defendant guilty, then it will be my responsibility to decide what the appropriate punishment should be. You should never consider the possible punishment in reaching your verdict.

Fourth: As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

Fifth: Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach

unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. You should all feel free to speak your minds.

*[Remember, if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.]*

Sixth: Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other. During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

Seventh: If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me. I will first talk to the lawyers about what you have asked, and I will respond as soon as I can. In the meantime, if possible, continue with your deliberations on some other subject.

*[If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.]*

One more thing about messages. Do not ever write down or tell anyone how you or anyone else voted. That should stay secret until you have finished your deliberations. If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offense*(s)*.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.16 (2015) (unmodified).

## GOV'T'S REQUEST NO. 57

**Verdict Form**

A verdict form has been prepared that you should use to record your verdicts.

Take this form with you to the jury room. When you have reached your unanimous verdict, the foreperson should write the verdict on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me. If you decide that the government has proved a defendant guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved a defendant guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.17 (2015) (unmodified).

CERTIFICATE OF SERVICE

I hereby certify that this pleading was electronically filed and mailed, and was thus served

on the 29th day of April, 2016, upon the defendant and stand-by counsel:


William J. O'Brien III
BOP Reg. No. 71915-066
FDC Philadelphia
Philadelphia, PA


George H. Newman, Esquire
100 South Broad Street
Suite 2126
Philadelphia, PA 19110


/s   M. Beth Leahy                              
M. BETH LEAHY
DAVID E. TROYER
Assistant United States Attorneys


Date:   April 29, 2016