# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| | : | NO. 15-0021-1 |
| v. | : | |
| | : | |
| WILLIAM O'BRIEN | : | |
| *Defendant, pro se* | : | |

# ORDER

**AND NOW**, this 26th day of March 2025, upon consideration of Defendant William O'Brien's *second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i)*, (Doc. 969), the Government's response in opposition, (Doc. 971), and Defendant's reply, (Doc. 985), it is hereby **ORDERED** that the motion is **DENIED**.[1]

---

[1] By way of background, on July 14, 2015, Defendant William O'Brien ("Defendant") was charged with two counts of conspiracy to dispense and distribute controlled substances outside the course of professional practice and without a legitimate purpose in violation of 21 U.S.C. § 846; 117 counts of distribution of Schedule II controlled substances in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); seven counts of distribution of Schedule IV controlled substances in violation of 21 U.S.C. § 841(a)(1), (b)(1)(E); one count of distribution of controlled substances resulting in death in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); one count of conspiracy to engage in money laundering in violation of 18 U.S.C. § 1956; one count of conspiracy to commit bankruptcy fraud in violation of 18 U.S.C. § 371; and one count of false oath in bankruptcy proceedings in violation of 18 U.S.C. § 152. (Doc. 74). Following a six-week jury trial, during which Defendant chose to represent himself with stand-by counsel, Defendant was found guilty on 135 counts arising primarily out of his distribution of controlled substances for no medical purpose in violation of 21 U.S.C. §§ 841 and 846. Defendant was sentenced on October 5, 2016, to a maximum term of 360 months' imprisonment and five years of supervised release, and ordered to pay a special assessment of $12,300.00, restitution in the amount of $342,504.00, and a forfeiture amount of $5 million.

Before this Court is Defendant's (second) *pro se* motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A), in which he contends that he meets the prerequisite "extraordinary and compelling" reasons for a sentence reduction because: (1) the Bureau of Prisons (the "BOP") has provided inadequate treatment for various health conditions; (2) his elderly mother, who is 83 years old, suffers from various health conditions and lives alone; and (3) the newly enacted "unusually long sentence" provision of the Sentencing Guidelines permits this Court to grant compassionate release on account of the alleged change in substantive law pronounced by the Supreme Court in *Ruan v. United States*, 597 U.S. 450 (2022). The Government opposes the motion.

The determination of a motion for compassionate release is governed by 18 U.S.C. § 3582(c)(1)(A), which provides that a court may not modify a term of imprisonment once it has been imposed except if the

court finds that, *inter alia*, "extraordinary and compelling reasons warrant such a reduction" and any such reduction "is consistent with the applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i-ii). The policy statements promulgated by the United States Sentencing Commission define "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). In defining what extraordinary and compelling circumstances may warrant relief, the Sentencing Commission's applicable policy statement includes the defendant's medical condition, age, or family circumstances, as well as "other reasons" that "are similar in gravity to those described" elsewhere in the policy statements. U.S.S.G. § 1B1.13. Here, to meet the requisite "extraordinary and compelling reasons," Defendant relies on his alleged medical conditions, specifically his eye ailments, the needs of his ailing mother, and the purported change in law announced by the Supreme Court in *Ruan*.

### *Defendant's Medical Circumstances Argument*

With respect to Defendant's medical conditions, the United States Sentencing Guideline ("U.S.S.G.") policy statement provides:

> (1) Medical Circumstances of the Defendant. —
>
> (A) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>
> > (i) suffering from a serious physical or mental condition,
> >
> > (ii) suffering from a serious functional or cognitive impairment, or
> >
> > (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1)(A)-(C). Generally, the availability of compassionate release under this provision is dependent on whether the defendant's medical conditions are terminal or severely limit his ability to function in a correctional setting. *See, e.g.*, *United States v. Willis*, 382 F. Supp. 3d 1185, 1188 (D.N.M. 2019) (maintaining that relief on medical grounds is "rare" and "extraordinary"); *United States v. Lisi*, 440 F. Supp. 3d 246, 251 (S.D.N.Y. 2020) ("[A] defendant's medical condition must be one of substantial

severity and irremediability."). Defendant bears the burden of demonstrating circumstances that meet the standard for compassionate release or a reduction of sentence. *See, e.g.*, *United States v. Neal*, 2020 WL 5993290, at *4 (E.D. Pa. Oct. 9, 2020); *United States v. Adeyemi*, 470 F. Supp. 3d 489, 512 (E.D. Pa. 2020).

The United States Court of Appeals for the Third Circuit has noted that "if a court finds that [extraordinary and compelling reasons] exist, it then turns to the sentencing factors in 18 U.S.C. § 3553(a) to determine whether compassionate release is appropriate." *United States v. Stewart*, 86 F.4th 532, 533 (3d Cir. 2023). Section 3553(a) sets forth factors for a court to consider when imposing a sentence. If on balance, a defendant's extraordinary and compelling reasons combined with the § 3553(a) factors support a reduced sentence, and that reduction is consistent with the applicable policy statement of the Sentencing Commission, a court may reduce a defendant's prison term, modify the terms of supervised release, or both. *Id.* As noted, Defendant contends that he meets the prerequisite "extraordinary and compelling" reasons for a sentence reduction for various reasons, each one will be addressed.

Defendant argues that he warrants a reduction of his sentence because the BOP has provided inadequate treatment for various health conditions. At the outset, this Court notes that Defendant, who is 58 years old, mentions he suffers from an eyesight condition and attaches emails between himself and various prison staff complaining about their failure to provide him a "snack bag" and vitamins. These complaints, however, are insufficient to meet Defendant's burden with respect to extraordinary and compelling reasons. Defendant has not alleged, let alone shown, that he is suffering from a terminal illness or from any condition or impairment that substantially diminishes his ability to provide self-care within the correctional facility, or that he suffers from any medical condition that requires long-term or specialized medical care that is not being provided and without which he is at risk of serious deterioration in health or death. U.S.S.G. § 1B1.13(b)(1)(A)-(C). He has not claimed that he is not ambulatory or is unable to engage in all normal activities of daily living within the prison. Under these circumstances, this Court finds that Defendant has not met his burden with respect to a demonstration of extraordinary and compelling reasons grounded on his unspecified health conditions.

### *Defendant's Family Circumstances Argument*

Defendant also argues (for the second time) that he meets the prerequisite "extraordinary and compelling" reasons for a sentence reduction because his elderly mother requires his assistance as a caretaker. This argument lacks merit for the same reasons set forth in this Court's March 21, 2023 Order denying this identical basis for relief. (*See* Doc. 959). With respect to this category of extraordinary and compelling reasons, the guideline policy statement provides:

> (3) Family Circumstances of the Defendant.—
>
> ***
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

U.S.S.G. § 1B1.13(b)(3)(C). As noted, Defendant bears the burden of demonstrating circumstances that meet the standard for compassionate release or a reduction of sentence. *See, e.g., Neal*, 2020 WL 5993290, at *4; *Adeyemi*, 470 F. Supp. 3d at 512.

To warrant relief, Defendant must demonstrate both that his mother is incapacitated and that no other person is available to provide her necessary care. *See* U.S.S.G. § 1B1.13(b)(3); *United States v. Ohl*,

3

2023 WL 4552885, at *3 (E.D. Pa. July 14, 2023). To prove incapacitation, a defendant must establish that a person is "completely disabled" or unable to "carry on any self-care and [are] totally confined to a chair or bed." *United States v. Cruz-Rivera*, 2020 WL 5993352, at *7 (E.D. Pa. Oct. 9, 2020) (finding that a defendant's spouse was not incapacitated despite being diagnosed with both breast cancer and diabetes). Defendant must also show that he is the only available caretaker for his mother. *United States v. Major*, 2023 WL 8188445, at *4 (E.D. Pa. Nov. 27, 2023). To meet this burden, he "must establish that all other potential caregivers" are unavailable. *Id.*; *see also Ohl*, 2023 WL 4552885, at *2 (E.D. Pa. July 14, 2023); *Cruz-Rivera*, 2020 WL 5993352, at *6. Defendant has failed to meet his burden on both requirements.

To meet his burden that his mother is incapacitated and that he is the only caregiver available, Defendant relies solely on an affidavit from his mother. In the affidavit, Defendant's mother attests that she suffers from hypertension, heart disease, and severe arthritis in her back and right shoulder. She also notes that she underwent brain surgery for blood on her brain and is under a doctor's care. She also asserts that her two other adult children live in Ohio and New Jersey. Taking the assertions in this affidavit at face value, these assertions establish only that Defendant's mother suffers from several health conditions for which she is under a doctor's care and lives alone. Defendant, however, provides no evidence to substantiate either the existence of these conditions or their incapacitating effects. Nor does Defendant present any evidence to show the unavailability of other caretakers. In the absence of such evidence, Defendant fails to meet his burden to establish extraordinary and compelling reason for relief under this guideline. *See Ohl*, 2023 WL 4552885, at *3 (denying motion for compassionate release where defendant failed to present evidence to substantiate family member's incapacitating health condition or unavailability of other caregivers). Accordingly, under the circumstances, this Court finds that Defendant has not demonstrated an extraordinary and compelling reason for relief on this basis.

### *Defendant's "Unusually Long Sentence" and Ruan v. United States Argument*

Lastly, Defendant argues that pursuant to U.S.S.G. § 1B1.13(b)(6), adopted on November 1, 2023, he is entitled to compassionate release premised on the retroactive application of the United States Supreme Court's decision in *Ruan v. United States*, 597 U.S. 450 (2022). In *Ruan,* the Supreme Court held that in a prosecution in which the Government alleges that the defendant medical professional's prescription practices violated the Controlled Substance Act, "the Government must prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner." *Id.* at 468. Here, Defendant argues — as he did in a previous Rule 60(b) motion, (*see* Doc. 936), and previous motion for compassionate release, (*see* Doc. 939) — that "with the Supreme Court ruling in *Ruan/Kahn* he would surely have a mistrial secondary to the mis-stated jury instructions on *mens rea* . . . ." (Mtn., Doc. 969, at p. 1). Defendant is mistaken.

Section 1B1.13(b)(6) of the U.S.S.G., the provision under which Defendant makes his *Ruan* argument, provides:

> (6) Unusually Long Sentence. — If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

4

U.S.S.G. § 1B1.13(b)(6).

Defendant was sentenced to 360 months of imprisonment, and he has served ten years. In response to Defendant's motion, the Government argues that this newly enacted provision, § 1B1.13(b)(6), "is not legally valid, as it exceeds the Sentencing Commission's statutory authority, in that a change in the sentencing law is not an 'extraordinary' circumstance allowing relief under the compassionate release statute." (Gov't Opp., Doc. 971, at p. 15). Notwithstanding, the Government further argues that even if this new provision is effective, it does not provide Defendant relief because Defendant's *Ruan* challenge is a substantive, collateral challenge to the validity of his conviction and sentence and such challenges are only cognizable by way of a motion to vacate sentence pursuant to 28 U.S.C. § 2255. Without determining whether § 1B1.13(b)(6) is or is not effective, this Court agrees that § 1B1.13(b)(6) does not provide Defendant relief because his expressed *Ruan* argument is a collateral challenge to his conviction and/or sentence that can only be brought by way of a § 2255 motion.

Defendant argues that he meets the requisite "extraordinary and compelling" reasons for modification of his sentence under U.S.S.G. § 1B1.13(b)(6) because many of his convictions would not stand today under the Supreme Court's decision in *Ruan*. This challenge, however, is not premised on a change in the law that would alter Defendant's sentence. Instead, Defendant argues that under the change in the law he is not guilty of various crimes for which he was convicted. It is well settled that 18 U.S.C. § 3582(c)(1)(A) does not permit relief based on a legal challenge to a defendant's conviction. The United States Court of Appeals for the Seventh Circuit succinctly summarized:

> In other words, the sort of "extraordinary and compelling" circumstance that § 3582(c)(1) addresses is some new fact about an inmate's health or family status, or an equivalent post-conviction development, not a purely legal contention for which statutes specify other avenues of relief—avenues with distinct requirements, such as the time limits in § 2255(f) or the need for a declaration by the Sentencing Commission that a revision to a Guideline applies retroactively.

*United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023); *see also United States v. Henderson*, 858 F. App'x 466, 469 & n.2 (3d Cir. 2021) (holding that defendant's argument for compassionate release premised on substantive challenge to his sentence is only cognizable by way of a motion under 28 U.S.C. § 2255); *United States v. McCall*, 56 F.4th 1048, 1058 (6th Cir. 2022) ("we do not read 'extraordinary and compelling' to provide an end run around *habeas*"); *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022) (holding that a defendant "cannot avoid the restrictions of the post-conviction relief statute by resorting to a request for compassionate release instead."); *United States v. Wesley*, 60 F.4th 1077, 1289 (10th Cir. 2023) ("We hold that an 18 U.S.C. § 3582(c)(1)(A)(i) motion may not be based on claims specifically governed by 28 U.S.C. § 2255"); *United States v. Jenkins*, 50 F.4th 1185, 1201 (D.C. Cir. 2022) ("We must therefore interpret the compassionate-release statute in light of this reticulated scheme for collateral review, rather than invoke compassionate release to end-run its limits. Thus, even if procedural hurdles would now prevent Jenkins from raising his sentencing argument in collateral proceedings, we cannot treat such a bar on relief under section 2255 as supporting a finding of extraordinary and compelling circumstances.").

As the courts have recognized, a motion to vacate, set aside, or correct sentence pursuant to 28 U.SC. § 2255 is the exclusive means for a federal prisoner to challenge the fact or duration of a conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention."

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

28 U.S.C. § 2255(e); *see also Henderson*, 858 F. App'x at 469 n.2 (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). A § 2255 motion is inadequate or ineffective only when "some limitation of scope or procedure" prevents a movant from receiving an adjudication of his claim. *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is not "inadequate or ineffective" merely because the sentencing court previously denied relief or because the gatekeeping provisions of § 2255 make it difficult to pursue a successive motion. *Id.* at 539. As such, the fact that Defendant has already filed a § 2255 motion and could be precluded from filing another does not make § 2255 inadequate or ineffective.

Here, Defendant's attempts to collaterally attack his convictions and sentence via a compassionate release motion ignores the established procedures for doing so. Upon thoroughly reviewing Defendant's arguments premised on *Ruan*, this Court finds that they directly challenge the validity of his conviction. Indeed, Defendant's *Ruan* arguments constitute the quintessential collateral attack on his conviction and sentence. Such attack must and can only be brought by way of a § 2255 motion. *See United States v. Hoover*, 2022 WL 2826421, at *9 n.9 (W.D. Pa. July 20, 2022) (holding that the defendant's *Ruan* challenge was not cognizable by way of compassionate release). Accordingly, Defendant's motion premised on the purported change in law in *Ruan* is denied.

In conclusion, after a careful consideration of Defendant's motion, this Court finds that Defendant has not shown an extraordinary and compelling reasons warranting a reduction of his sentence. As such, this Court need not and will not consider the relevant sentencing factors set forth in 18 U.S.C.§ 3553(s). *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020). For the foregoing reasons, Defendant's motion for compassionate release is denied.